■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED SZALASNY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 29, 1978, upon a verdict convicting defendant of the crime of criminal trespass in the second degree and sentencing him to a term of imprisonment of one year in the county jail. As a result of an incident which occurred on January 29, 1978 in the City of Watervliet, wherein defendant Szalasny, together with one Mosher allegedly entered a dwelling unlawfully and inflicted physical injuries upon one Garth Conklin by means of a glass bottle and a broken cue stick, defendant was indicted on two counts of burglary in the first degree (Penal Law, § 140.30, subds 2, 3), and one count of assault in the second degree (Penal Law, § 120.05, subd 2). Following a jury trial, he was acquitted on all three counts, but convicted of criminal trespass in the second degree (Penal Law, § 140.15), a class A misdemeanor. He was thereafter sentenced to a one-year term of imprisonment in the Albany County Jail. On this appeal, defendant contends solely that the trial court erred in pronouncing his sentence in the absence of a presentence report. We agree. Pursuant to CPL 390.20 (subd 2, par [c]), a court may not impose a sentence in excess of 90 days for a misdemeanor conviction without having received a written presentence report. Here, the court stated that it would consider a one-page form which it had received from the Albany County Probation Department as a minimal compliance with the abbreviated form set forth in the statute, apparently referring to CPL 390.30 (subd 4), and went forward with the sentencing. An examination of the record and, most particularly, the colloquy between the court and the Director of the Probation Department unquestionably establishes, however, that the one-page form was at most a face-sheet, i.e., a most summary

description of defendant and his situation, and clearly not an adequate or completed presentence report whether abbreviated or otherwise (see CPL 390.30; 9 NYCRR 350.4 [1]). Such being the case, defendant's sentence must be vacated and this matter must be remitted to the trial court for resentencing in accordance with this decision so that, upon receipt of a proper presentence report, the court may be fully and properly informed as to defendant's circumstances when it imposes sentence (*People v Selikoff*, 35 NY2d 227, cert den 419 US 1122; *People v Brock*, 48 AD2d 790). Judgment modified, on the law and the facts, by vacating the sentence imposed and remitting the matter for resentencing in accordance herewith, and, as so modified, affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.