THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS DEVINE, Respondent.

First Department, February 6, 1979

## APPEARANCES OF COUNSEL

*Norman A. Bloch* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for appellant.

*Martin Jay Siegel* of counsel for respondent.

## OPINION OF THE COURT

SANDLER, J.

Shortly after 7 P.M. on July 8, 1977, shots were heard coming from Room 643 at 611 West 112th Street, a single-room occupancy hotel. Within minutes several police officers had responded to the scene, among them an Officer Sullivan. Sullivan entered Room 643, which was at one end of the hall, and observed within it the dead body of a woman who had been shot in the head at close range apparently shortly before his arrival.

Directly opposite the room was a communal kitchen which Sullivan entered. He then tried the door of an adjacent bathroom which was locked. Next to the bathroom was Room 645. Sullivan knocked on the door and no one responded. A hotel employee stated that the room was occupied by a man and a woman who had just been observed leaving the hotel, the man carrying a television set.

Sullivan directed the employee to unlock the door and with his gun drawn opened the door and stepped into the room. On top of a bureau of drawers he saw a pillowcase with red spots on it and something underneath the pillowcase which proved to be a woman's wallet. Another police officer removed the pillowcase and wallet to the fifth homicide zone. The wallet contained hospital identification cards in the name of the deceased.

Two other police officers at the scene were informed by a hotel employee that the male occupant of Room 645 had been observed at some time in the recent past carrying a pistol.

The two officers entered a police vehicle, went looking for the occupants of the room, and observed them within minutes. The defendant was arrested in possession of a television set, a loaded .22 caliber revolver with several spent shells, and an additional box of .22 caliber ammunition. Within moments, the defendant made spontaneous admissions to the homicide.

■ The defendant moved to suppress the items of property found in his room and on his person as well as the admissions. In a thoughtful and careful opinion the hearing court granted the motion to suppress, concluding that the entry into the hotel room violated the defendant's constitutional rights and that the statements and items of property in issue were the fruits of that unlawful action. Although the issue is not free from difficulty, we are satisfied that the officer's entry into the

hotel room was a reasonable response to an emergency situation and that accordingly it was error to grant the motion to suppress.

■ The principle is, of course, fundamental that "The Fourth Amendment proscribes all unreasonable searches and seizures," *(Mincey v Arizona,* 437 US 385, 390) and that " 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " *(Katz v United States,* 389 US 347, 357.) The question presented is whether the entry into the room falls within that category of exceptions associated with the phrase "exigent circumstances."

The emergency character of the situation confronting Officer Sullivan cannot seriously be questioned. A woman had been shot to death within a few moments prior to his arrival at the scene. There was a strong likelihood that an armed murderer, and perhaps more than one, was on or near the premises. Nor could the possibility be excluded that the crime was linked to other crimes in the immediate vicinity not yet known to the police.

A prompt search of the immediate premises, including surely at the least nearby rooms, was critical. Such a search might disclose one or more killers, related crimes, or information that would permit prompt identification in time to make a speedy apprehension. (Cf. *Mincey v Arizona, supra,* p 395.) Nor do we doubt the sincerity and force of Officer Sullivan's testimony that he thought precautions were necessary to protect himself and other police officers from the possible danger to be apprehended from an armed assailant lurking in the immediate neighborhood of their investigation.

The situation confronting the police here was quite comparable to that presented in *People v Hodge* (44 NY2d 553). As the Court of Appeals there said (pp 557-558): "prudence obviously called for an immediate inquiry into the unsolved crime * * *. The trappings of an emergency were self-evident."

As in *Hodge,* the crime here under investigation was one of the utmost gravity, prompt police action was mandated for a number of compelling reasons, and it cannot be said that the manner of the investigation was unjustifiably intrusive.

■ We, of course, do not suggest that exigent circumstances would justify an excessive and disproportionate police re-

sponse. We think it clear that the entry into the hotel room here was a reasonable and measured response to a truly emergency situation.

Accordingly, the order of the Supreme Court, New York County (R. LANE, J.), entered May 31, 1978, granting defendant's motion to suppress evidence and statements, should be reversed, on the law, to the extent appealed from and the motion to suppress should be denied as so limited.

LUPIANO, J. P., SILVERMAN, FEIN and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on May 31, 1978, unanimously reversed, on the law, to the extent appealed from, and the motion to suppress denied as so limited.