■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN S. HALL, SR., on Behalf of HARRY JAMES HARALAMBOU, Respondent, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Dier, J.), entered June 8, 1982 in Clinton County, which sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, voided petitioner's plea and sentence, returned petitioner to Broome County, and fixed bail at $50,000. On February 13, 1981, petitioner Haralambou (petitioner) was convicted of the crime of reckless endangerment, first degree, in Broome County Court, upon his plea of guilty, and was sentenced to a term of two to four years' imprisonment as a second felony offender. No appeal was taken from the judgment. By petition verified April 16, 1982, petitioner commenced this proceeding seeking a writ of habeas corpus upon the ground that during the allocution at sentencing, the court failed to fully apprise him of the consequences of his plea of guilty, and failed to make sufficient inquiry as to the voluntariness of the plea. In addition, he challenged the court's failure to obtain a presentence report prior to sentencing (CPL 390.20, subd 1). Special Term sustained the writ, nullified the plea and sentence, and ordered petitioner remanded to the Broome County

Court for further proceedings, setting bail at $50,000. On this appeal, the People argue that the sentencing minutes demonstrate that petitioner's constitutional rights were fully protected by the court; that habeas corpus should not have been permitted in lieu of a direct appeal from the judgment of conviction; and that collateral attack upon the judgment should properly have been made in a motion pursuant to CPL 440.10 (subd 1). The judgment should be reversed. Petitioner's due process challenge to the voluntariness of his guilty plea and the legality of the sentence could have been reviewed directly by way of appeal or pursuant to CPL article 440 in the court of conviction. Habeas corpus is not an appropriate remedy (*People ex rel. World v Jones,* 88 AD2d 1096, mot for lv to app den 57 NY2d 608; *People ex rel. Gaines v Jones,* 79 AD2d 1065; *People ex rel. Palmer v LeFevre,* 72 AD2d 618). The facts of this case do not demonstrate a violation of petitioner's fundamental constitutional rights so egregious as to compel a departure from traditional orderly procedure (*People ex rel. Keitt v McMann,* 18 NY2d 257). Our examination of the plea and sentencing minutes confirms that petitioner's plea was properly accepted by the court. This is not an instance where a defendant has related facts at the time of the plea inconsistent with his guilt (cf. *People v Beasley,* 25 NY2d 483; *People v Serrano,* 15 NY2d 304; *People v Jenkins,* 72 AD2d 876). Petitioner, who was represented by counsel, acknowledged his comprehension of the plea bargain as explained by his attorney and admitted the underlying facts of the indictment. The court advised that the plea resulted in the surrender of petitioner's constitutional right to a jury trial and of confrontation, and asked petitioner for an explanation of his behavior. While a notice of intention was filed indicating that an appeal would not be taken, petitioner was also advised he could file an appeal within 30 days of the conviction should he so choose. At sentencing, the record shows that both petitioner and his attorney were invited to make a statement before the court pronounced sentence (CPL 380.50). That petitioner declined to do so does not negate the opportunity accorded him. Contrary to his contention in the petition, he was further advised by the court that he would be sentenced as a second felony offender and was given full opportunity to controvert or explain his prior conviction. While the record is vague as to whether the court secured a presentence report as mandated by CPL 390.20, even had it failed to do so, the proper remedy would be a vacatur of the sentence and a remand for resentencing only, not vacatur of the plea (*People v Szalasny,* 67 AD2d 801; *People v Whitaker,* 43 AD2d 935). Moreover, since resentencing would not affect immediate release from custody, habeas corpus relief is not available (see *People ex rel. Douglas v Vincent,* 50 NY2d 901, 903). Finally, as to petitioner's contention that counsel failed to prosecute an appeal from the subject conviction as promised, CPL article 440 is available to consider the adequacy of the legal representation he received (see *People v Martin,* 52 AD2d 988). The judgment should be reversed, and the petition for writ of habeas corpus dismissed. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.