Charles Anthony GULLIVER, Petitioner,

v.

Stephen DALSHEIM, etc., et al., Respondents.

No. 81 Civ. 2444 (WK).

United States District Court, S.D. New York.

Nov. 4, 1983.

---

Barry Bassis, Federal Defender Services Unit, New York City, for petitioner.

Carl A. Vergari, Dist. Atty., Westchester County by Terry Jane Ruderman, White Plains, N.Y., for respondents.

## OPINION

WHITMAN KNAPP, District Judge.

This application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is before us on remand from the Court of Appeals for the Second Circuit to consider whether the rule announced in *Martinez v. Harris* (2d Cir.1982) 675 F.2d 51 precludes us from considering petitioner's claim that he was denied effective assistance of counsel on his appeal from a judgment of conviction rendered by the Supreme court of Bronx County.

The facts constituting the background to this petition are set out in the Second Circuit's opinion, published at 687 F.2d 655, and will not here be restated at length. It is sufficient for present purposes to note that in his last, unsuccessful, attempt to convince the New York courts to grant him a new appeal from his conviction, petitioner filed a paper with the Appellate Division which he entitled a petition for *habeas corpus* relief. This nomenclature—as everyone now agrees—was technically incorrect, since the grievances enunciated and the remedies sought were not amenable to *habeas* relief. However, it is also agreed that, had the very same paper been filed with the very same court, but bearing the caption "Motion to Reargue," it would have constituted a proper request for the relief sought. It is further agreed that, had petitioner resubmitted the same paper with this change of nomenclature, it would have been considered on the merits by the Appellate Division.[1]

This trifling and correctable mistake became significant when the Second Circuit announced its decision in *Martinez v. Harris, supra,* which stated that where, as here, a challenge to a conviction was opposed in a state court on both procedural and substantive grounds and was rejected without opinion, a district court faced with a subsequent petition for *habeas corpus* should assume that the procedural objections had been accepted by the state court, and should thus declare the petitioner to be in procedural default under *Wainwright v.*

---

1. This constitutes our third consideration of this case. As indicated in the Second Circuit's original decision, 687 F.2d 655, the matter was first remanded to us to consider the effect of the Supreme Court's intervening decision in *Rose v. Lundy* (1982) 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 and its own intervening decision in *Martinez v. Harris, supra.* Upon such remand the respondents indicated that it might still be possible for the petitioner to file an appropriate paper with the New York Appellate Division, and that they would not oppose such refiling. It thus appeared to us that an appropriate state remedy was still available and that the matter should be remanded to the New York State Appellate Division. The Second Circuit, however, did not accept this solution, but—in an unpublished opinion—remanded the case to us for the purpose of applying the *Martinez* doctrine to the facts at bar.

*Sykes* (1977) 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594.

We think, however, that the logic expressed in the *Martinez* opinion—and, indeed, common sense as well—dictate that we not apply the rule of that case to the situation at bar. The Second Circuit in *Martinez* noted that the New York Appellate Division, faced with a procedurally faulty petition in a post-conviction proceeding, had the power to consider the merits under the discretionary jurisdiction granted it by N.Y.C.P.L. § 470.15(6)(a). However, it stated that where the petition is denied without opinion

> [W]e do not believe that the Appellate Division's silence evinces an intent to overlook the procedural error. The interest-of-justice jurisdiction under § 470.15 is not invoked routinely. Therefore, we feel justified in assuming that the Appellate Division does not exercise its discretion under that section and decide a case solely on the merits of a claim, unless it says so.

675 F.2d at 54 (citations omitted).

In assessing the impact of these words we must bear in mind that the Court was dealing with a highly significant procedural default (failure to have made an objection to the asserted error at the time of trial when the error could have been corrected) which, unless excused by the court, would have forever barred any state relief. In such a situation it is quite logical to assume that the Appellate Division (or any New York court) would not excuse the default and proceed to the merits without giving its reasons for doing so.

However, no such logical assumption is possible in the case at bar. On the contrary, it is much more logical to assume that a busy court, faced with a claim which it considered factually unsubstantial, would overlook the misnomer on a piece of paper and proceed to the merits rather than waste its—and everyone else's—time rejecting one piece of paper and telling the *pro se* to file another. Moreover, our own many years of personal experience with New York appellate courts convince us that no such court would ever dismiss a *pro se* complaint for a *correctable* mistake without telling the *pro se* how to correct it.

Our conclusion as to the probable behavior of the Appellate Division in this case is, moreover, entirely consistent with the Second Circuit's statement in *Martinez* that the rule there enunciated

> is limited to the issues of how we construe silence on the part of the Appellate Division, when there is an adequate state procedural ground for *sustaining the conviction,* as in [*Wainwright v.*] *Sykes.* (Emphasis supplied.)

675 F.2d at 54, n. 5.

As we have noted, in the instant case there was no procedural ground for "sustaining the conviction," but only a ground for rejecting the particular piece of paper before the court. Moreover, the Second Circuit's citation of *Sykes* is significant. That decision—and every case of which we are aware which has applied it—dealt with a procedural default which was incurable and which constituted an absolute bar to any state court relief. We are aware of no case which has applied *Sykes* or any of its progeny to a *curable* procedural mistake. Although this distinction has never to our knowledge been explicitly stated, we think it is implicit in cases which have dealt with the issue of procedural default.

*Sykes* itself relies upon *Henry v. Mississippi* (1965) 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 which states (at 447):

> A procedural default *which is held to bar challenge to a conviction in state courts,* even on federal constitutional grounds, prevents implementation of the federal right. (Emphasis supplied.)

The thread of preclusion to state challenge has been recently continued by this Circuit:

> First, the federal court must determine whether, as in *Sykes,* a state court has held that the petitioner is *precluded,* by virtue of a procedural default, from presenting his federal constitutional claim in state court. (Emphasis supplied.)

*Klein v. Harris* (2d Cir.1981) 667 F.2d 274, 285.

Such, as respondent admits, is not the situation here. Petitioner's mistake did not preclude subsequent challenge in the state courts; had it been remedied at any time, either before or after the Appellate Division's decision, petitioner would have been perfectly free to resume his request that the state courts grant him a new appeal. The concern expressed in *Sykes* and its progeny that a person precluded from certain relief before the state courts could obtain the same relief by federal *habeas corpus*, is therefore not here a factor.

Similarly inapplicable to the case at bar is the "legitimate state interest" found by *Sykes* and its progeny in various state procedural rules. A state contemporaneous objection rule, such as was involved in *Martinez*, for example, compels counsel to raise objections at the trial—where the alleged error can be corrected—rather than save them for subsequent attack on the judgment. *Sykes, supra,* 433 U.S. at 88–89, 97 S.Ct. at 2507–2508; *Engle v. Isaac* (1981) 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783. There is no comparable state interest in the insistence that a paper, making cognizable claims and filed with the correct court, bear one particular set of words at its head. Indeed, the rule that *pro se* papers are to be considered liberally would seem to militate against a finding that there is any strong interest in such minutiae.

We emphasize that the exception to *Martinez* which we here discern is not a large one. We do not suggest that the rule there set forth should be found inapplicable every time a procedural error is made by a *pro se* petitioner. We suggest only that, where a *pro se* petition containing a trivial and readily correctable error has been rejected without opinion by a New York court, it is proper—under the language of *Martinez*, its implied *Sykes* exception, and in accordance with common sense—to assume that the court found it unnecessary to inform the *pro se* of his mistake, but proceeded to consider and deny his petition on the merits.[2]

We thus find that petitioner was not in procedural default under *Sykes*, and that his petition is properly before us for consideration on the merits. We therefore reinstate our original decision granting the petition.[3]

SO ORDERED.

---

**2.** The only authority either counsel has supplied to us since the Second Circuit's most recent remand (see note 1, *supra*) is *People ex rel. Hall v. LeFevre,* 60 N.Y.2d 579, 467 N.Y.S.2d 40, 454 N.E.2d 121 (1983), in which the New York Court of Appeals specifically noted that *habeas corpus* was an inappropriate remedy for the particular relief there sought. So far as we can determine, this authority confirms our view of the practice of New York appellate courts. Examination of the Appellate Division's decision in that case discloses that, after noting the inappropriateness of *habeas corpus,* the court went on to consider and dispose of the merits that would have been presented by an appropriate petition, declaring that "[o]ur examination of the plea and sentencing minutes confirms that petition-er's plea was properly accepted by the Court." *People ex rel. Hall v. LeFevre* (3d Dep't 1983) 92 A.D.2d 956, 460 N.Y.S.2d 640, 641. After thus stating its conclusion as to the merits, the court proceeded to explain its reasoning at length, thus taking a far different tack from that which respondent now urges that the same court (albeit in another department) "must have" taken in the instant case.

**3.** We need not here discuss our original reasons for granting the writ, which were detailed in our first, unpublished, opinion in this matter. This is beyond the scope of the question which the Second Circuit directed us to consider.