739 F.2d 104
 Charles Anthony GULLIVER, Appellee,
v.
Stephen DALSHEIM, Superintendent, Downstate Correctional
Facility, and Robert Abrams, Attorney General of
the State of New York, Appellants.
 No. 1661, Docket 82-2093.
 United States Court of Appeals,
Second Circuit.
 July 18, 1984.
 
 Terry Jane Ruderman, Asst. Dist. Atty., White Plains, N.Y. (Carl A. Vergari, Dist. Atty. of Westchester County, Anthony Joseph Servino and Gerald D. Reilly, Asst. Dist. Attys., White Plains, N.Y., of counsel), for appellants.
 Barry Bassis, The Legal Aid Soc., Federal Defender Services Unit, New York City, for appellee.
 Before OAKES, MESKILL and KEARSE, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 This appeal is by the State from an order of the United States District Court for the Southern District of New York, Whitman Knapp, Judge, granting a writ of habeas corpus on behalf of the petitioner-appellee, Charles Anthony Gulliver, on the grounds of ineffective assistance of counsel. Gulliver v. Dalsheim, 574 F.Supp. 111 (S.D.N.Y.1983). The district court issued its order[1] after a remand from this court, Gulliver v. Dalsheim, 687 F.2d 655 (2d Cir.1982), to require exhaustion or deletion of unexhausted claims under the intervening decision in Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and to determine whether under our decision in Martinez v. Harris, 675 F.2d 51 (2d Cir.1982) (if state argues for affirmance on both substantive and procedural grounds and state appellate court upholds judgment without opinion, federal habeas court should presume state court based ruling on procedural ground), Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), or Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), would apply to bar habeas relief to Gulliver on his claim of ineffective assistance of appellate counsel. We now affirm the district court's disposition of the Rose and Martinez issues, and reverse on the merits.
 
 
 2
 The Decision Below. Following remand, the district court ultimately[2] found that the Rose v. Lundy question had been disposed of by removing certain open issues by stipulation, and that Martinez was inapposite. In reaching this conclusion, the court noted that Gulliver's sole procedural mistake was to mislabel his state appellate papers "petition for habeas corpus," rather than "motion to reargue," and that had the papers been properly captioned, the Appellate Division would have heard the argument on the merits. Distinguishing Martinez, the court observed that the procedural default in that case (failure to object to asserted error at trial) was of a substantially higher magnitude than the mislabeling here. 574 F.Supp. at 113. Wainwright v. Sykes, the district court noted, also involved a noncorrectable procedural default, while Gulliver's error, in light of the discretionary jurisdiction granted the Appellate Division by N.Y.Civ.Prac.Law Sec. 470.15(6)(a), was easily curable. Id. Similarly, the district court found that New York did not itself seem to recognize a particularly strong state interest in the procedural rule that habeas corpus is an inappropriate remedy in the Appellate Division, noting that in a recent case, the Appellate Division did indeed consider and dispose of the merits, despite mislabeling. People ex rel. Hall v. Lefevre, 92 A.D.2d 956, 460 N.Y.S.2d 640, 641 (3d Dep't 1983). See 574 F.Supp. at 114 & n. 2. Judge Knapp also stressed the fact that Gulliver appeared pro se before the state appellate court, and reasoned that the New York court must have ruled on the merits since "no such court would ever dismiss a pro se complaint for a correctable mistake without telling the pro se how to correct it." 574 F.Supp. at 113 (emphasis in original). The district court therefore held that it was proper to assume that under Martinez there was no procedural default under Sykes or Engle. It therefore reinstated its original decision granting the writ, and the State appealed.
 
 
 3
 Discussion. Before addressing the merits of the State's appeal, we must consider Gulliver's motion to dismiss the State's appeal as untimely since the notice of appeal was not filed until some five months after the district court's order. Fed.R.App.P. 4(a). The district court, on April 24, 1984, noted that we had "retained jurisdiction," and granted relief to the State in the form of (A) leave "out of time to file a notice of appeal" and (B) extension of time for compliance with the order in the event leave to appeal be denied or an appeal should ultimately be unsuccessful.
 
 
 4
 Gulliver's position is that there was no excusable neglect on the part of the State within Rule 60(b), that the State's untimely appeal is simply time-barred, and that the district court lacked jurisdiction to allow notice of appeal to be filed more than sixty days after its decision. See, e.g., Hensley v. Chesapeake & Ohio Railway Co., 651 F.2d 226, 228 (4th Cir.1981); Reynolds v. Hunt Oil Co., 643 F.2d 1042, 1043 (5th Cir.1981); Russo v. Flota Mercante Grancolombiana, 303 F.Supp. 1404, 1406 (S.D.N.Y.1969). But we need not reach this question since we did explicitly "retain jurisdiction," thereby obviating the requirement that either party actually file any additional "notice of appeal" within Rule 4.[3]
 
 
 5
 To be sure, it is not customary to retain jurisdiction merely in order to assure that a judgment or decree will be enforced. NLRB v. Deena Artware, 251 F.2d 183, 186 (6th Cir.1958). But jurisdiction is sometimes retained, as it was here, for the "purpose of facilitating immediate review of further trial court proceedings." 16 C. Wright, A. Miller, E. Cooper, C. Cressman, Federal Practice and Procedure Sec. 3937, at 272. See, e.g., Federal Deposit Insurance Corp. v. Grella, 553 F.2d 258, 264 (2d Cir.1977); IIT v. Vencap, Ltd., 519 F.2d 1001, 1018-19 (2d Cir.1975); In re Corrugated Container Antitrust Litigation, 643 F.2d 195 (5th Cir.1981), appeal after remand, 659 F.2d 1322 (1981), cert. denied, 456 U.S. 1012, 102 S.Ct. 2308, 73 L.Ed.2d 1309 (1982). The remand is a "limited" one, United States v. Theriault, 526 F.2d 698, 699 (5th Cir.1976), which requires the district court to find facts or pass on issues while the court of appeals retains jurisdiction over the merits in the event that the findings of fact or conclusions of law on the remand do not enable or require the court of appeals to dispose of the case summarily. Retaining jurisdiction is thus quite different from remanding for purposes of simply requiring lower court findings. Accordingly, Gulliver's motion to dismiss the State's appeal is denied. We thus reach the Martinez-Sykes-Engle issue and affirm that issue on the opinion of the district court. 574 F.Supp. 111.
 
 
 6
 On the merits of Gulliver's constitutional claim, however, we now have additional guidance from the Supreme Court's recent decision in Strickland v. Washington, --- U.S. ----, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland the Court, while holding that the Sixth Amendment right to counsel is one of "effective assistance," --- U.S. at ----, 104 S.Ct. at 2064 (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970)), nevertheless imposed a two-component showing before a claim of deprivation of that right may be made: first, it must be shown that the attorney's performance was so deficient and his errors so serious that "counsel was not functioning as ... 'counsel' ...," id. --- U.S. at ----, 104 S.Ct. at 2065, and, second, that those errors functioned so "as to deprive the defendant of a fair trial, a trial whose result is reliable," id., i.e., that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at ----, 104 S.Ct. at 2068. Here, of course, we are dealing with an appeal, rather than a trial, but we assume a similar two-prong showing must be made. We have as additional guidance Jones v. Barnes, --- U.S. ----, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), with its gloss that mere failure to argue a colorable claim is not ineffective advocacy on appeal. The teaching of Jones v. Barnes is that the courts should not "second guess [appellate counsel's] reasonable professional judgments." Id. at 3314. Although that case dealt solely with counsel's decision whether or not to argue certain issues at all, we see no reason why its teaching should not be extended to the review of the manner in which counsel chooses to present an argument.
 
 
 7
 Here the district court found that assigned appellate counsel told petitioner that the appeal was "hopeless," despite the fact that, in the district court's opinion, "a successful appeal was by no means out of the question." The court also found that the brief ultimately filed on behalf of Gulliver was "pro forma," and concluded that the representation provided Gulliver by counsel failed to meet the standards set out by the Supreme Court in Anders v. United States, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966).
 
 
 8
 We have ourselves examined the brief at issue, and we conclude that neither the selection of issues nor the manner of their presentation suggests that counsel did not exercise a reasonable professional judgment. After stating the facts in a manner favorable to Gulliver, with appropriate transcript references, the brief made six arguments citing appropriate authorities. The first point made in the brief was that the evidence was not sufficient to prove the intent necessary to sustain a verdict of guilty of burglary in the second degree. A relevant New York case was cited for the proposition that substantial evidence to prove intent is not sufficient unless the inferences to be drawn from the circumstances are logically compelling. It was also pointed out that there was no proof of forced entry or proof of rummaging, with appropriate authorities cited. The prosecutor was said to have "outrageously presented" some of the evidence in his summation; again, appropriate references to the transcript were made. This point was the strongest point in the brief and to this court seems persuasively written.
 
 
 9
 The brief went on to argue that an identification hearing should have been held; the argument was developed and appropriate authority was marshaled. The third point in the brief was that the district attorney introduced substantial prejudice against the defendant by "incessant unfair suggestions of misconduct by his mother," who was Gulliver's principal alibi witness, while point four argued that the comments made by the district attorney during summation were so improper and prejudicial as to require a new trial. These comments were detailed with the additional point made that objections to eight statements by the prosecutor during summation were sustained.
 
 
 10
 Point five, the sentencing point, was, as the district court pointed out, rather weakly put in that "the recommendations of neighborhood people" were referred to but not incorporated into the brief. No doubt counsel thought that the argument was not a very strong one and did not back it up as fully as he might have, but at least he did urge that a 12-year sentence, 80% of the maximum allowable, which was imposed despite the weakness of the prosecutor's case, those recommendations, the defendant's deportment and his honorable discharge, was unfair. While the point was not as fully or as well presented as it might have been, it nevertheless was presented adequately under the Strickland test.
 
 
 11
 The sixth and final point made by the brief was that "the defendant feels that he was not provided with effective counsel during the trial and therefore was not afforded the protection of amendments 6 and 14 of the Constitution of the United States." This was obviously a point urged on counsel by the defendant himself, yet the brief argued it persuasively, with appropriate citations to the New York authorities. In addition, the brief referred to four specific events at trial which were said to demonstrate the inadequacy of counsel, including the failure to subpoena a potential defense witness, not calling the defendant to testify although he wanted to testify, failure properly to cross-examine the victim/eyewitness, who claimed to be cooking and cleaning at 2:00 a.m., and finally counsel's failure to prepare the defendant's mother to meet the prosecutor's questions as to her convictions for prostitution and forging a government check. The fact that the point was made using the language that "defendant feels" may have weakened the argument somewhat, but this could well have been thought by the Appellate Division to have been due to an understandable reluctance on the part of appellate counsel to deprecate the work and ability of trial counsel.
 
 
 12
 The brief presented to the Appellate Division was terse, and persuasive, given the facts and controlling law. It conformed to the principles of brief writing as set forth in R. Stern, Appellate Practice in the United States (1981). We simply disagree with the district court that the brief sunk to that level of incompetent appellate advocacy that constitutes a violation of the Sixth Amendment, especially in light of Strickland v. Washington, --- U.S. ----, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 
 
 13
 Judgment reversed.
 
 
 
 [1]
 The order was actually reinstatement of a February 26, 1982, conditional grant, the condition being "unless, within a reasonable period not to exceed ninety days, the State grants the petitioner leave to appeal from his conviction." The condition was thus framed because the alleged constitutional error was that of failure of appellate counsel to conform to the supposed constitutional requirement of Anders v. United States, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966). But cf. Jones v. Barnes, --- U.S. ----, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (counsel has no duty under Anders or otherwise to press all non-frivolous, colorable claims urged on him by client)
 
 
 [2]
 There was actually (by unpublished order) a second remand on the Martinez-Sykes-Engle issue, which was not reached by the district court after the first remand. As on the first remand we retained jurisdiction
 
 
 [3]
 Henceforth, to avoid confusion to counsel, on a retention of jurisdiction, as here, we will exercise that retained jurisdiction only on timely application of one of the parties, the time to be spelled out in our mandate