OPINION OF THE COURT
Frank Diaz, J.
Pursuant to CPL 210.30, all the defendants herein moved for inspection of the Grand Jury minutes and dismissal of the indictments on the ground that the evidence before the Grand Jury was not legally sufficient to support the offenses charged or any lesser included offense. The court granted the defendants’ motions to the extent that it examined all the Grand Jury minutes. The examination revealed a potential defect in the proceedings in that in all of the cases the Assistant District Attorney presenting the case to the Grand Jury failed to instruct it on the law of acting in concert (Penal Law § 20.00), which appears to form the very basis for the charges against each of the defendants.
All the parties were alerted to this possible problem. The Assistant District Attorney informed the court that it was the practice of the office of the Bronx District Attorney to fully instruct the Grand Jury upon its impaneling on various areas of the law including the law of acting in concert. Each of the Grand Juries had been so instructed and, therefore, in the Assistant’s view, there was no need to repeat those instructions when the cases were actually presented. The court *131 directed the People to file a brief in support of this proposition. The brief was to cover all of the cases.
After numerous adjournments beginning as early as April 16, 1987 in one of the cases and during which time the court was consistently assured that the brief was being prepared, the People, finally, on July 9, 1987, submitted a two-page "Supplemental Affirmation in Opposition” which is applicable only to the case of People v Brunson et al. (indictment No. 514/87).
It seems, then, that the People have chosen not to file the brief promised to the court for such a long period of time. Instead, they rely on the argument that there was no need to instruct the Grand Juries on the acting-in-concert law because at some point they already had been instructed in this area of the law. There is not even an effort to present a reasoned argument in light of the applicable legal principles. Indeed, these principles are not discussed at all. Moreover, with the exception of the Brunson case, there is no disclosure as to when, if at all, the Grand Juries were instructed on the law of acting in concert. The apparent lack of interest and diligence in opposing these motions to dismiss the indictments is most perplexing and the court can only conclude that the Assistants in charge of these cases have not adequately fulfilled their professional responsibilities.
BACKGROUND
Each of the defendants is charged with various controlled substance offenses including various degrees of sale and possession charges (Penal Law § 220.00 et seq.) while acting in concert with others.[1]
In each of the Grand Jury presentations (with the exception noted below),[2] the Assistant District Attorney, instead of reading the definition contained in Penal Law § 20.00 and thereby instructing the Grand Juries on the theory of accessorial liability, simply asked the Grand Juries whether they were familiar with the law of acting in concert. Noting on the *132 record that the grand jurors had indicated that they were familiar with the theory, the Assistant proceeded to read to the Grand Juries the Penal Law provisions relating to the substantive controlled substance offenses with which the defendants were being charged. The issue, therefore, is whether this procedure is legally permissible.
THE LAW
Generally, the District Attorney has the obligation to instruct the Grand Jury on the law applicable to matters presented to it. (People v Lancaster, 69 NY2d 20, 26 [1986].) This principle finds its statutory basis in CPL 190.25 (6) which requires that the Grand Jury be instructed on the law "[w]here necessary or appropriate”. The Court of Appeals has noted that, "[i]n the ordinary case”, the prosecutor may fulfill this responsibility "by reading to the Grand Jury from the appropriate sections of the Penal Law”. (People v Calbud, Inc., 49 NY2d 389, 395, n 1 [1980].)
While it is true that a Grand Jury need not be instructed with the same precision as a petit jury the Grand Jury must, at a minimum, receive legal instructions which bring to its attention the essential elements of the crime being considered. (People v Valles, 62 NY2d 36, 38 [1984].) Thus, in Calbud, Inc. (supra, at 394-395) the court stated: "We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.”
With the exception noted, all the indictments herein charge the defendants with accessorial criminal liability premised on the acting-in-concert theory. To sustain the indictments the People had to present evidence that the defendants had acted in concert and before the Grand Jury could "intelligently” decide whether a crime had been committed, it had to receive legal instructions on the law of acting in concert.
The People have implicitly acknowledged the necessity for the instructions in that they argue that each of the Grand Juries herein was fully instructed on the law of acting in concert at the beginning of the term and, given this, there was no need to reinstruct them when the cases were actually presented. It appears that at the beginning of the term, two videotapes — each approximately 50 minutes in length — were *133 played to the Grand Juries. These tapes are said to contain instructions on the "most common charges”. Such a practice, commendable though it may be, is in this court’s judgment, insufficient to discharge the prosecutor’s obligation, under CPL 190.25 (6), to "instruct the grand jury concerning the law with respect to its duties or any matter before it”.
One of the purposes underpinning this subdivision, as well as its plain language, makes it clear that the instructions should be given when the Grand Jury is actually in session considering a particular matter. Thus, under the terms of the statute, the Grand Jury may be instructed by "the court or the district attorney, or both”. (CPL 190.25 [6].) According to the Practice Commentary to this section, the purpose for this flexibility in allowing the instructions to be given by the District Attorney is "to avoid having the judge called in and out while the grand jury work is progressing.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.25, at 215; emphasis supplied.) If the District Attorney need only instruct the Grand Jury at the beginning of its term, such instructions could just as well be delivered by a Judge and there would be no need for statutory authorization permitting the District Attorney to act as legal advisor to the Grand Jury. Thus, the instructions should be given when "the grand jury work is progressing”, that is, when it is actually in session on a particular matter.
CPL 190.25 (6) also requires that the instructions "must be recorded in the minutes.” Clearly, for the minutes to accurately reflect the instructions given, such instructions must be delivered during the course of the Grand Jury session. Otherwise, the Grand Jury minutes — as in the cases herein — will merely indicate that at some prior unspecified time the Grand Juries were in some unspecified manner familiarized with the particular law in question. In this court’s judgment, this does not constitute compliance with the recordation mandate contained in CPL 190.25 (6).
In this connection, the court notes that acceptance of the District Attorney’s position would tend to undermine the court’s power to review a Grand Jury proceeding to determine whether it was defective. (CPL 210.20 [1] [c]; 210.35 [5].) Were the Grand Jury minutes not to reflect the actual legal instructions given, a court would be unable to properly exercise this power unless it adopted the cumbersome and time-consuming procedure of requiring the District Attorney to submit an affidavit setting forth the pertinent legal instructions given. *134 Absent such an affidavit, a court could not ascertain whether the legal instructions gave rise to a defect in a Grand Jury proceeding.
The court further notes that the Grand Juries herein, during the presentation, received legal instructions on the substantive offenses being considered. Nevertheless, the argument by the District Attorney would logically permit him not to instruct the grand jurors at all on the elements of the crime at issue provided that the Grand Jury had been instructed on these elements at the beginning of the term. Indeed, exhibit 1 to the supplemental affirmation in opposition states that an Assistant may rely on the general instructions and simply ask the grand jurors if they have any questions on the law.[3] 4Such a procedure, in the court’s opinion, contravenes the directive in Calbud, Inc. (supra) that a prosecutor give a Grand Jury enough information so that it can intelligently decide whether a crime has been committed.
To lecture a group of lay persons for almost two hours on various portions of the criminal law and to expect them to remember the relevant portions of this lecture in order to "intelligently” fulfill their role when a case is actually presented more than two weeks later, as in Brunson et al.[4] would appear to be, at best, unrealistic. The court deems it of no legal consequence that the grand jurors were implicitly invited to ask questions regarding the concépt of acting in concert. This procedure placed on the grand jurors the obligation to seek legal advice when it was the prosecutor’s affirmative duty to give such advice.
The court has been unable to find any statutory authority permitting the District Attorney to discharge his responsibility as legal advisor to the Grand Jury in this manner. CPL 190.20 (5) provides, in part, that after a Grand Jury is sworn a court may "give the grand jurors any oral instructions relating to the proper performance of their duties as it deems *135 necessary or appropriate.” Apparently these preliminary instructions are to be given shortly after the Grand Jury is impaneled and before it assumes its duties.
However, as the Practice Commentary to this section makes clear, these instructions are not to be considered a substitute for the legal instructions a prosecutor must give under CPL 190.25 (6). These instructions are "to be distinguished from the prosecutor’s alternative responsibility as the legal advisor to the grand jury to 'instruct the grand jury’ on the law”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.20, at 209.)
Having decided that the prosecutor failed to fully instruct the Grand Jury as legally required, the court must now decide whether such a failure rendered the proceedings "defective” within the meaning of CPL 210.35 (5) and, thus, requires dismissal of the indictments herein.
CPL 210.35 (5) reads, in part, as follows: "A grand jury proceeding is defective * * * when: [it] * * * fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” Here, the proceedings failed to conform to the requirements of article 190 in that the prosecutor failed to instruct the Grand Jury on the law of acting in concert as required by CPL 190.25 (6). The question, therefore, is whether the violation of the subdivision impaired the Grand Jury’s integrity and resulted in possible prejudice to the defendant.
It has long been recognized that the chief function of the Grand Jury has been to protect citizens against unfounded accusations by ensuring that "before an individual may be publicly accused of crime and put to the onerous task of defending himself from such accusations, the State must convince a Grand Jury composed of the accused’s peers that there exists sufficient evidence and legal reason to believe the accused guilty.” (People v Iannone, 45 NY2d 589, 594 [1978].) To enable the Grand Jury to fulfill this function, the prosecutor must adequately inform the grand jurors "of the essential elements of the crimes they [are] being asked to consider by reading the applicable provisions of the Penal Law”. (People v Calbud, Inc., 49 NY2d, supra, at 395.) In Calbud, Inc. (supra, at 396), the court also stated: "When the District Attorney’s instructions to the Grand Jury are so incomplete or misleading as to substantially undermine [the Grand Ju *136 ry’s] essential function, it may fairly be said that the integrity of that body has been impaired. Under such circumstances, CPL 210.35 (subd 5) as well as our State constitutional guarantees might well require dismissal of the Grand Jury’s indictments.”
Relying on these principles, the court finds that the failure of the prosecutor to instruct the Grand Juries on the law of acting in concert substantially undermined the primary function of the Grand Jury and resulted in prejudice to the defendants since they were not indicted by a Grand Jury which had been adequately instructed on the law.
There is no question that the Grand Jury had to be instructed on the law of acting in concert since that was one of the bases for charging the defendant with illegal conduct. Therefore, one of the essential elements of the crimes being considered was the imputation of criminal liability to the defendant for conduct performed by another. The Grand Jury had to be advised under what circumstances such imputation is legally allowable. Such advice not having been given to the Grand Jury during the presentation this body could not possibly determine whether the defendants were properly charged with illegal assessorial conduct. To that extent, therefore, the Grand Jury’s primary role was subverted and the defendants may have been prejudiced in that they were denied their right to have a Grand Jury independently assess the evidence in light of adequate legal instructions.
Nevertheless, that is not to say that all the counts of the indictment must be dismissed. In People v Licausi (98 AD2d 751 [2d Dept 1983]), the defendant was charged with having committed the crimes of murder, criminal possession of a weapon and criminal use of a firearm while acting in concert with another. The prosecutor had properly instructed the Grand Jury except that he had failed to give it any instructions on the law of acting in concert. After reviewing the evidence and concluding that the defendant could be said to have been acting as a principal the court reversed the dismissal of the indictment noting that since the Grand Jury "was not charged on 'acting in concert’, it must have found that defendant acted as a principal.” (Supra, at 752.)
Similarly, here, since the Grand Juries were properly instructed on the law applicable to the substantive offenses, the court has reviewed the Grand Jury minutes to determine whether the Grand Jury could have found any of these *137 defendants to have been acting as a principal. Having done this, the court has reached the following conclusions with respect to each of the cases.
CONCLUSION
In People v Guzman (indictment No. 4333/86), the Grand Jury minutes reflect the defendant’s alleged possession, as a principal, of a certain quantity of heroin as charged in count three of the indictment.
In People v Martinez (indictment No. 5203/86), the Grand Jury minutes do not reflect any evidence to support any charges against the defendant as a principal.
In People v Pombert (indictment No. 5799/86), the Grand Jury minutes reflect the defendant’s alleged possession of two vials of cocaine as charged in count two of the indictment.
In People v Brunson et al. (indictment No. 514/87), the evidence supports a finding that the defendant Woody was a principal in the sale and possession of the drugs as charged in counts one, two and three of the indictment. Defendant Feliciano also acted as a principal in the possession of the drugs as charged in counts two and three of the indictment.
For the foregoing reasons, counts one and two in Guzman, all the counts in Martinez, counts one and three in Pombert, and as to Brunson et al., count one as to defendant Feliciano and all the counts as to the defendant Brunson are dismissed. The People are given leave to re-present these cases.

. The indictment in People v Pombert (indictment No. 5799/86) does not, in haec verba, charge the defendants with acting in concert. However, the Grand Jury minutes disclose that such was the intent of the Assistant handling the case.

. In People v Martinez (indictment No. 5203/86), the Assistant District Attorney did not ask the Grand Juries whether they were familiar with the acting-in-concert theory.

. The relevant portion of the exhibit reads as follows: "If the Assistant is relying upon the general charge contained herein, he should direct the jury’s attention to the appropriate section of the law. E.g., 'At this time I submit to you for your consideration Section 160.15 (sub. 4), Robbery in the First Degree under the theory of displayed what appeared to be a firearm and Section 120.05 (sub. 6), Assault in the Second Degree under the theory of during the commission of a felony on which you have been previously charged. Are there any questions on the law?’ ”

. In Brunson, the tapes were played to the panel on January 5, 1987; the Grand Jury returned an indictment on January 27, 1987.