**Thomas DeVINE, Petitioner,**

v.

**James E. SULLIVAN, Superintendent, Sing Sing Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. 86 Civ. 4708 (JES).**

United States District Court, S.D. New York.

Oct. 8, 1991.

Loren I. Glassman, White Plains, N.Y., for petitioner.

Robert M. Morgenthau, Dist. Atty., New York County (Marc Frazier Scholl and Paul Harnisch, Asst. Dist. Attys., of counsel), New York City, for respondents.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (1988), was referred to Magistrate Judge Joel L. Tyler for a Report and Recommendation, who recommended that the petition be dismissed. For the reasons that follow, the Court agrees that the petition should be dismissed.

## BACKGROUND

The facts relevant to the determination of this action are set forth in the Magistrate Judge's report and are briefly summarized below.

Thomas DeVine was convicted after a jury trial in Supreme Court, New York County (Goodman, J.), of Murder in the Second Degree, N.Y. Penal Law § 125.25 (McKinney's 1988), and Criminal Possession of a Weapon in the Third Degree, N.Y. Penal Law § 265.02 (McKinney's 1988). The claims raised by this petition center on

the representation DeVine received during the course of the direct appeal from his convictions. The Appellate Division first assigned DeVine Legal Aid attorney William E. Hellerstein, Esq. Subsequently, by Order dated June 4, 1981, the court substituted Albert Mayer, Esq. for Mr. Hellerstein. In his brief, Mayer claimed that: 1) the trial evidence was insufficient to prove petitioner's guilt beyond a reasonable doubt; 2) the suppression issue should be reconsidered;[1] 3) petitioner should receive a new competency hearing because his counsel was not present at the time petitioner was examined by the court-appointed psychiatrist; and 4) DeVine's sentence was excessive. Mayer's brief also requested that DeVine be permitted to file a *pro se* brief so that DeVine could expand on the points made in Mayer's brief and bring additional issues to the court's attention. *See* Brief for Defendant–Appellant.

DeVine was not satisfied with Mayer's brief and moved twice in the Appellate Division to have Mayer replaced by Lawrence A. Vogelman, Esq., or in the alternative, to permit Vogelman to file a supplemental brief on DeVine's behalf. *See* DeVine Memorandum of Law at 7; Petition at 3–A. The Appellate Division denied these motions, but permitted DeVine to submit a supplemental brief, *pro se. See* Report and Recommendation at 4. Although DeVine never filed a supplemental brief, he did submit a sworn affidavit which the Appellate Division considered along with Mayer's brief. *See* Brief for Respondent to the Appellate Division at 27. In this affidavit, DeVine argued that Mayer's eleven page brief did not provide him with effective assistance of counsel. On July 1, 1982, the Appellate Division affirmed Devine's convictions, *People v. Devine*, 89 A.D.2d 825, 452 N.Y.S.2d 472, and leave to appeal to the Court of Appeals was denied on November 24, 1982. *People v. Devine*, 458 N.Y.S.2d 1030, 58 N.Y.2d 691, 444 N.E.2d 1017.

On June 16, 1986, DeVine filed the instant petition for a writ of habeas corpus in this Court, alleging ineffective assistance of counsel on his direct appeal. The petition was referred to Magistrate Judge Joel J. Tyler who, in his March 19, 1987 Report, recommended that the petition be dismissed. The Magistrate Judge found that petitioner had failed to demonstrate, as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[2] that there was any reasonable probability that the Appellate Division would have overturned the convictions, even if Mayer had briefed all of the appellate issues to DeVine's satisfaction. *See* Report and Recommendation at 8. The Magistrate Judge also found that appellate counsel's efforts, "although far from exemplary, [were] not so unprofessional as to violate the Sixth Amendment." *Id.* This Court, by an Order dated May 18, 1987, directed that petitioner be assigned counsel for the limited purpose of assisting petitioner in filing objections to the Magistrate Judge's report.

### DISCUSSION

 Petitioner first argues that the Magistrate Judge erred in relying upon the *Strickland* standard because his attorney's level of representation was so deficient as

---

1. The Appellate Division, on interlocutory appeal, reversed the trial court's order granting defendant's motion to suppress certain evidence seized during a warrantless search of defendant's hotel room because the Appellate Division found that the search was conducted under exigent circumstances. *People v. Devine*, 66 A.D.2d 244, 414 N.Y.S.2d 128 (1st Dep't 1979). Leave to appeal this issue to the Court of Appeals was denied, *People v. Devine*, 47 N.Y.2d 905, 419 N.Y.S.2d 1031, 393 N.E.2d 493 (1979), as was DeVine's petition for a writ of certiorari to the United States Supreme Court. *Devine v. New York*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 811 (1981).

2. The Second Circuit has directed that a claim of ineffective assistance of appellate counsel must satisfy the *Strickland* criteria. *Gulliver v. Dalsheim*, 739 F.2d 104, 107 (2d Cir.1984). *Strickland* requires petitioner to show: 1) that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and 2) that the defense was prejudiced, i.e.—that there was a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. 466 U.S. at 687–98, 104 S.Ct. at 2064–70.

to amount to no representation at all, and thus prejudice should have been presumed. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). However, in *Penson* the Court's conclusion that the petitioner was for all practical purposes unrepresented was predicated upon a finding that counsel was permitted to withdraw without following the procedures set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[3] No such facts are present here. Indeed, in this case, defense counsel exercised his professional judgment in presenting certain claims which he believed to be meritorious while declining to raise other claims that his client wanted to pursue.[4] *Strickland* is clearly designed to apply to the exercise of precisely that type of professional discretion.

■■■ Petitioner now complains only of appellate counsel's performance with respect to the following issues: 1) failure to properly summarize the case; 2) failure to reargue the search and seizure issue; 3)

failure to raise the illegality of the grand jury instructions; and 4) failure to raise the issue of the trial court's reliance on an outdated pre-sentence report.[5] However, counsel's failure to raise any of these claims can hardly be considered to be ineffective assistance of counsel. Mayer's decision to spend only a few pages on the facts of the case reflects a professional judgment as to how best to present the issues to the Court on appeal. Moreover, since the search and seizure issue had already been considered by the Appellate Division on an interlocutory appeal and that Court had refused to hear reargument on that issue, it was certainly well within the parameters of sound professional judgment not to belabor that issue further. Similarly, the instructions given to the grand jury did not clearly violate any established legal principle at the time of DeVine's direct appeal, and consequently failure to raise this issue cannot be the basis for a finding of inadequate representation.[6]

**3.** Appointed counsel is first required to conduct a "conscientious examination" of the case. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. If counsel is then of the opinion that the case is wholly frivolous, he or she may request leave to withdraw. The request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Once the appellate court receives this brief, it must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel. If the court disagrees with counsel and determines that there are nonfrivolous issues for appeal, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

**4.** The affidavit DeVine submitted to the Appellate Division raised fourteen points that he believed merited a reversal of his conviction. Mayer chose to raise four of those points and sought leave of the court for permission to allow his client to file a supplemental brief, *pro se.*

**5.** The Court rejects respondent's contention that the grand jury claim was not raised in the state courts and thus should not be considered or should be found to make the petition a mixed petition that must be dismissed for failure to exhaust this claim. Petitioner's affidavit which

was filed with the Appellate Division makes a general reference to the grand jury instructions. The pre-sentence report issue concededly was not raised on direct appeal. However, since it is clear that both claims lack colorable merit, the interests of all of the parties, as well as the state and the federal courts, are best served by the district court reaching the merits of these issues even though they may not have been exhausted in the state courts. *See Granberry v. Greer,* 481 U.S. 129, 135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987); *Peterson v. LeFevre,* 753 F.Supp. 518, 521 (S.D.N.Y.1991), *aff'd,* 940 F.2d 649 (2d Cir.1991).

**6.** The relevant section of the New York Criminal Procedure Law § 190.25(6) in effect at the time the Grand Jury was instructed provided in part:

"Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it...." Petitioner argues that under New York case law, the grand jurors must be instructed on the law during the presentation of each case, rather than at the beginning of a term. *See People v. Kennedy,* 127 Misc.2d 712, 487 N.Y.S.2d 662 (County Court, Monroe County 1985); *People v. Guzman,* 137 Misc.2d 129, 520 N.Y.S.2d 117 (Sup.Ct., Bronx County 1987). However, the language of Section 190.25(6) does not specifically set forth the precise time when jury instructions must be given, and the cases relied on by the petitioner interpreting that statute so as

█ Nor can the failure to raise the issue of the pre-sentence report be a sufficient predicate for a finding of inadequate representation, especially since there is nothing in the record which establishes that an outdated pre-sentence report was relied on by the sentencing judge.[7] In sum, "[m]ere failure to argue a colorable claim is not ineffective advocacy on appeal," *Gulliver v. Dalsheim*, 739 F.2d 104, 107 (2d Cir.1984), and a court should not "second-guess [appellate counsel's] reasonable professional judgment." *Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751–52, 103 S.Ct. at 3312–13.

█ Indeed, *Strickland* assumes that an attorney is not constitutionally required to make each and every argument which a client may want to pursue. Moreover, Mayer requested permission from the Appellate Division for his client to submit a supplemental brief. That was precisely the course of conduct suggested by the New York Court of Appeals, which has stated that when appellate counsel and the defendant disagree on which claims should be raised, counsel should raise those points that counsel deems prudent based on his professional judgment, and advise the court of his client's desire to file a *pro se* brief. *People v. Vasquez*, 70 N.Y.2d 1, 4, 509 N.E.2d 934, 516 N.Y.S.2d 921, 922 (1987). In any event, DeVine has not come close to meeting the second *Strickland* criteria—i.e., that if Mayer had raised all of the issues in a manner satisfactory to petitioner, that there was a reasonable proba-

bility that his conviction would have been overturned by the Appellate Division.

## CONCLUSION

Accordingly, the above-captioned petition for habeas corpus shall be and hereby is dismissed. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

to require that instructions be given when each case is presented were not decided until after the appellate brief was filed. Certainly, counsel cannot fairly be charged with professional dereliction for not anticipating the decisions in those cases.

7. In fact, the report from which the court read when sentencing the petitioner listed DeVine's prior convictions past the date that he claims

was the date of the report. Petitioner, in arguing that the report was outdated, assumes that the report was prepared in 1959, an assumption that is contradicted by the fact that the report relied on by the Judge on September 21, 1979 contained references to prior convictions occurring after 1959. Moreover, the sentencing judge stated that he had received a "full pre-sentence report". *See* Minutes of the Sentencing Proceeding on September 21, 1979 at 30.