THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANCIS X. WARD, Respondent.

First Department, July 1, 1971.

*Michael R. Juviler* of counsel (*Burton N. Lipshie* and *Robert A. Goldschlag* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Robert A. Levy* of counsel (*Richard D. Friedman* and *Herman H. Tarnow* with him on the brief; *Friedman & Friedman,* attorneys), for respondent.

*Per Curiam.* The People appeal from an order dismissing an indictment wherein the defendant was charged with perjury in the first degree (2 counts) and criminal contempt (2 counts).

In dismissing the indictment, the court below held that the testimony of June 9, and June 11, while different, was the product

of '' apparent confusion '' and was not willful but was induced by aggressive questioning and a denial of access to counsel. In addition, '' The indictment · * * * is not consistent with the record ''.

We disagree. The test to be applied on a motion to dismiss the indictment for insufficiency of evidence is whether there has been a '' clear showing '' that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury. (Code Crim. Pro., § 251; *People* v. *Howell,* 3 N Y 2d 672.) In this case, there is no '' clear showing '' that the evidence is insufficient. The first count of perjury alleged that on June 9, 1970, defendant testified '' that he had received payments of money monthly for a period of months ''. On June 11, 1970 he testified that '' He has received a payment of money only on one occasion '', and further that if he had testified otherwise in the past he had been mistaken.

The second count of perjury alleged that on June 9 defendant testified '' that he received cash from different police officers.'' On June 11 the defendant testified that he did not receive money from different police officers, but just from one officer who is now dead. In addition, he stated that if he testified otherwise in the past he was mistaken. In each of the foregoing instances the lower court accepted the excuse of mistake and obviously found as a fact that a mistake rather than a willful fabrication had been made by the defendant. In so doing the court below usurped the function of a petit jury. On a motion to dismiss an indictment, however, '' A court may not accept defendant's contention as fact; any defense that he may have must be offered at the trial for the appraisal and decision of the jury.'' (*People* v. *Donahue,* 309 N. Y. 6, 7). '' That a trial jury might not convict on this evidence is not our concern. The Legislature has specifically relegated the question of whether a trial jury would return a conviction on this evidence to the *judgment* of the Grand Jury '' (Code Crim. Pro., § 251, *People* v. *Eckert,* 2 N Y 2d 126, 129).

The defendant was also charged with two counts of criminal contempt in that he contemptuously and unlawfully refused to answer a certain question concerning the purpose of telephone calls that he had made using a code name, '' Oldsnine '' and in addition that he refused to answer a question concerning the substance of a conversation between himself and one Mulligan in February of 1970.

The court below in dismissing the contempt count ruled that the indictment charging defendant with contempt was improper on the ground that a grand jury may not return a charge of con-

tempt against a witness for his refusal to answer questions before the same grand jury. In doing so the court relied principally upon *Mayberry* v. *Pennsylvania* (400 U. S. 455) and *Matter of Murchison* (349 U. S. 133). Neither case is applicable to the facts presented herein. In each of those cases the crucial point is that the accusatory process and the adjudicatory process were merged in the same tribunal, a situation absent in the case at bar. Moreover, the contention that " an aggrieved grand jury before which the contempt had been committed cannot properly charge defendant testifying before it with contempt ", has been rejected by our Court of Appeals. (*People* v. *Chestnut,* 26 N Y 2d 481, 482–483, 491.) Accordingly, the contempt counts must be reinstated.

Defendant further argues that the indictment was void in that he was denied the opportunity to consult with his counsel " on matters affecting his legal rights ". However, this is not supported by the Grand Jury's minutes. Although a witness is entitled on demand to see his lawyer for counseling concerning his legal rights, there is no right to consultation in the midst of grand jury testimony for " mere strategic advice ". (*People* v. *Ianniello,* 21 N Y 2d 418.) It is clear from the record that the advice sought by the defendant was strategic and not legal. The defendant had already been granted immunity. *Ianniello* (*supra,* p. 425) held that even if the right to consult with counsel concerning legal rights is denied, a witness " does not have license to commit perjury or contempt. Rather, he must persist in his refusal to answer, thus forcing the prosecutor to take the matter into open court for a ruling ".

Finally, and for the first time on appeal, defendant argues that the grant of immunity was insufficient in scope and that therefore the indictment must be dismissed. He relies on *People* v. *Mulligan* (36 A D 2d 1027) and *People* v. *Masiello* (28 N Y 2d 287). Both cases are inapplicable. Perjury is an independent crime which is not excused because of some defect in the proceedings in which the false testimony is given, such as a defective grant of immunity. (*People* v. *Thomasello,* 21 N Y 2d 143; *People* v. *Ianniello, supra.*)

On March 23, 1971 the court below wrote another opinion which said in part, " the District Attorney's office has publicly stated that the original decision, among other things, was ' vague and uncertain '."

While by our decision herein, we have concluded that the trial court was in error in dismissing the indictment, we feel that we must express our disapproval of the District Attorney's unwar-

ranted public expression of his disagreement with the decision below. Such statements by law enforcement officials could be interpreted as an attempt to intimidate the judiciary. Further, it is patently unfair, because a Judge is ethically bound to silence, and cannot answer the critic. Decisions of courts are to be reviewed by the proper appellate tribunals in briefs and argument. The proper administration of justice is not advanced by extrajudicial criticism of decisions by public officials forming a part of the law enforcement machinery while the case is still *sub judice*.

The order dismissing the indictment should be reversed on the law and the facts and the indictment reinstated.

STEVENS, P. J., CAPOZZOLI, McGIVERN, KUPFERMAN and MURPHY, JJ., concur.

Order, Supreme Court, New York County, entered on February 22, 1971, unanimously reversed, on the law and the facts, and the indictment reinstated.