■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL EASON, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated November 21, 1973, which, upon defendant's oral motion prior to trial, (1) dismissed the first two counts of the indictment, which counts charged defendant with forgery in the second degree and criminal possession of a forged instrument in the second degree, respectively, and (2) reduced the third count from attempted robbery in the first degree to attempted robbery in the third degree. Order reversed, on the law, motion denied and indictment reinstated as to all counts. An indictment presumptively is valid. It, or any of the counts thereof, will not be dismissed prior to trial, absent clear proof establishing the legal or factual insufficiency thereof (see *People v. Howell*, 3 N Y 2d 672; *People v. Wade*, 35 A D 2d 401). There was no motion made in writing to inspect the Grand Jury minutes, based on papers showing reasonable cause to believe that the Grand Jury evidence was insufficient to support the counts of the indictment, as required by CPL 210.30 (subd. 2). While this is a departure from the less formal procedure which formerly governed motions to inspect Grand Jury minutes and dismiss indictments for insufficiency (see Practice Commentary, McKinney's Cons. Laws of N. Y., Book 11A, CPL 210.30), the power to dismiss or reduce still resides in the court, absent a motion on papers, upon the trial since that is specifically statutorily invested (see CPL arts. 290, 300), and prior to trial when the formal written motion is waived by the People (*People v. Waters*, 45 A D 2d 823). Were we considering the sufficiency of the evidence, we would find that there was no "'clear showing' that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury" (*People v. Ward*, 37 A D 2d, 174, 176; *People v. Dunleavy*, 41 A D 2d 717). Martuscello, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.