■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD ORR, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated March 8, 1976, which granted defendant's oral motion to dismiss the indictment in the interest of justice. Order reversed, on the law, and indictment reinstated without prejudice to the defendant's right to move to dismiss the indictment upon proper papers. No findings of fact have been considered. By statute a motion to dismiss an indictment must be made in writing and upon notice to the People (CPL 210.45, subd 1; *People v Pichkur*, 52 AD2d 852; *People v Trottie*, 47 AD2d 751). The failure to comply with this requirement is reversible error. Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LONNIE ROBINSON, Respondent.—Appeal by the People, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated April 9, 1975, as granted that branch of defendant's motion which sought to dismiss the indictment. Order reversed insofar as appealed from, on the law, motion insofar as it sought to dismiss the indictment denied, and indictment reinstated. No findings of fact have been considered. The proof before the Grand Jury was sufficient to sustain the indictment (see CPL 190.65, subd 1); there was no " 'clear showing' that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury" (see *People v Ward*, 37 AD2d 174, 176; *People v Eason*, 45 AD2d 863). We note, in passing, that the indictment, which charged defendant with murder in the second degree (Penal Law, § 125.25, subd 1), alleged, *inter alia*, that defendant had caused the victim's death "by striking her with a knife"; although there was no direct evidence before the Grand Jury that defendant possessed a knife, the allegation as to the manner in which the victim's death was caused was merely surplusage. Accordingly, the absence of such evidence did not vitiate the indictment (see *People v Laurence*, 137 NY 517, 524). Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.