■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES SMITH, JAMES JENKINS, ANTHONY WILLIAMS and LARRY BOSTIC, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, dated July 18, 1975, which, upon defendants' motions, dismissed the consolidated indictment for failure to accord them a speedy trial. Order reversed, on the law and the facts, motions denied, and consolidated indictment reinstated. Defendants were indicted, late in 1973, for the crimes of murder and robbery in the first degree. On July 16, 1975, some 20 months thereafter, the District Attorney moved the case for trial, but indicated to the court that a key witness for the prosecution was unwilling to testify because he feared for himself and his family. The matter was adjourned to the following day, at which time the prosecutor requested a two-week delay, during which time he felt that it might be possible to rectify the problem with the witness. Defendants opposed the adjournment and orally moved to dismiss the consolidated indictment on the ground that they had been denied a speedy trial. Their motions were granted by the trial court. The granting of defendants' oral motions to dismiss constituted error. The statutory language is clear and mandatory; a motion to dismiss an indictment for lack of prosecution which is made prior to conviction must be (a) in writing and (b) upon reasonable notice to the People (CPL 210.45, subd 1; CPL 210.20, subd 2; *People v Dedmon,* 53 AD2d 646; *People v Orr,* 53 AD2d 634). Moreover, the mandate of a speedy trial, provided for in CPL 30.20, is inapplicable to homicide prosecutions (see CPL 30.30, subd 3, par [a]). The presence of the additional robbery count in the consolidated indictment does not bring the case within the ambit of CPL 30.30 (see *People v Johnson,* 38 NY2d 271, 278–279, n 3). Finally, even assuming that CPL 30.30 governs, we are of the view that, on this record, defendants were neither deprived of their statutory right, nor of their constitutional right, to a speedy trial. The record

indicates that virtually all of the delay—the People had only sought one previous adjournment prior to the instant application—was caused by one or another of defendants' numerous requests for adjournments, the repeated relieving and replacement of one or another of the attorneys for defendants, the failure of one or another of defense counsel to answer calendar calls and necessary pretrial motions. These facts constitute clear exclusions to the statutory time limitations (see CPL 30.30, subd 4, pars [a], [b], [f]). Moreover, the Court of Appeals recently held in *People v Taranovich* (37 NY2d 442, 445) that five factors must be examined in balancing the merits of a claim that there has been a denial of a defendant's right to a speedy trial: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay." In weighing all of these factors, it is clear that defendants have not been denied their constitutional right to a speedy trial. Accordingly the consolidated indictment should be reinstated. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.