■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKY G. BEACRAFT, Respondent.—Order unanimously reversed, on the law, and counts one and two of indictment reinstated. Memorandum: The People appeal from an order dismissing two counts of assault in the second degree (Penal Law, § 120.05, subd 3) contained in the multicount indictment of defendant. The County Court found that the evidence before the Grand Jury was not sufficient to establish either count, or any lesser included offense (see CPL 190.65). While the memorandum decision upon which the order is based fails to recite the nature of the insufficiency, the defendant argued at County Court and on appeal that "defendant was so intoxicated as to be unable to form specific intent to commit assault". There was substantial evidence before the Grand Jury as to defendant's condition and conduct before and during his confrontations with the police. Section 15.25 of the Penal Law which, according to the Grand Jury minutes, was read and explained to that body, provides that: "Intoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." It is basic law that no indictment may be found except upon evidence which would, if unexplained or uncontradicted, warrant a conviction by the trial jury *(People v Peetz,* 7 NY2d 147; *People v Eason,* 45 AD2d 863; *People v Ward,* 37 AD2d 174). On all of the evidence presented to the Grand Jury, it cannot be said as a matter of law that the defendant was so intoxicated as to be incapable

of forming the required intent. "The question is not whether the accused was drunk but whether his intoxication was of such a character that it destroyed the power to form the particular intent which is a necessary element of the crime charged." *(People v Koerber,* 244 NY 147, 154.) It will be the trial jury's function to determine whether the defendant's voluntary intoxication "altered the character or grade of his criminal act" *(People v Koerber, supra,* pp 154-155). Finally, we find that the evidence before the Grand Jury was sufficient to support the other elements of the crimes charged in the first and second counts of the indictment. (Appeal from order of Herkimer County Court—dismiss indictment.) Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.