■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PADDY LICAUSI, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Lagana, J.), dated February 17, 1983, which granted that branch of defendant's pretrial motion which sought to dismiss the indictment, with leave to the People to re-present the charges to another Grand Jury. Order reversed, on the law, that branch of defendant's motion which sought dismissal of the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings. Defendant was accused by indictment number 4730/82 of murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree (two counts). The first count of

the indictment alleged that defendant, acting in concert with another person, intentionally caused the death of Waldeman Mendez by shooting him with a deadly weapon, to wit, a handgun. The remaining counts likewise alleged that defendant committed the specified crimes while "acting in concert with another person". The prosecutor properly instructed the Grand Jury, except that he failed to state that the defendant committed the crimes alleged while "acting in concert with another person". In an omnibus motion, defendant sought dismissal of the indictment. Criminal Term granted that branch of the motion which sought to dismiss on the grounds that: (1) the evidence supporting the indictment was legally insufficient, and (2) the charge was defective in that it did not conform with the indictment. We reverse. The indictment was supported by legally sufficient evidence (CPL 190.65). The testimony presented to the Grand Jury, taken together, would, if unexplained and uncontradicted, support a conviction by a trial jury (see *People v Peetz,* 7 NY2d 147; *People v Beacraft,* 60 AD2d 787). The evidence, viewed in the light most favorable to the People, shows that defendant and another male exited their car, crossed the street, and began fighting with a third male, Waldeman Mendez, immediately before the latter was shot. Defendant was identified by one eyewitness, who also described him as the shorter of the two males who were fighting with the deceased. No witness saw a gun in defendant's possession. However, at about the same time he heard a gunshot, another witness saw the shorter male hit Mendez in the back of the head; the latter then fell and defendant and his companion ran to the car. A third witness saw the shorter male make a motion with his hand inside the front of his pants as he was running from the scene where the shooting had occurred. The evidence supplies a motive, based upon the altercation, places defendant at the scene of the crime, and demonstrates his flight from the scene (see *People v Lagana,* 36 NY2d 71, cert den 424 US 942). The uncontradicted facts also lead to the inference that defendant shot the deceased in the head and then secreted the gun in his pants. We also hold that Criminal Term erred in holding that the discrepancy between the prosecutor's charge to the Grand Jury and the wording of the indictment required dismissal of the indictment. If the prosecutor had correctly instructed the Grand Jury with regard to "acting in concert with another person", that body could have returned an indictment against defendant either as a principal or as an accessory. Instead, since the Grand Jury was not charged on "acting in concert", it must have found that defendant acted as a principal. Since there is no legal "distinction between liability as a principal and criminal culpability as an accessory" (see *People v Duncan,* 46 NY2d 74, 79-80, cert den 442 US 910; *People v Valerio,* 64 AD2d 516, 516-517), defendant was not prejudiced by the omission of an instruction on acting in concert. The prosecutor charged the Grand Jury on each and every element of the crimes set forth in the indictment and alleged that defendant committed the acts which constituted those crimes at a specified place on a specified date. This was sufficient (cf. *People v Iannone,* 45 NY2d 589, 598-599). The words "acting in concert with another person" were mere surplusage. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.