■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY JACK, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated January 11, 1985, which granted the defendant's oral motion to dismiss the indictment in the interest of justice.

Order reversed, on the law, oral motion denied, indictment reinstated without prejudice to the defendant's right to move to dismiss the indictment upon proper papers, and matter remitted to the Supreme Court, Queens County, for further proceedings. Findings of fact have not been considered.

Pursuant to CPL 210.45 (1), a motion by a defendant to dismiss an indictment in the interest of justice must be made in writing and upon reasonable notice to the People. We have repeatedly held that it constitutes reversible error to grant such a motion upon *oral* application *(see, People v Banks,* 93 AD2d 893; *People v Ray,* 58 AD2d 588; *People v Orr,* 53 AD2d 634; *People v Pichkur,* 52 AD2d 852).

We find unpersuasive the defendant's argument that the instant indictment was dismissed upon the court's own motion. This contention is in direct conflict with the court's written order which recites that the dismissal was granted upon "motion of the defendant". In addition, the minutes of the argument before the court reveal that the defendant moved orally to dismiss the indictment, erroneously advised the court that an oral motion was sufficient, and presented the court with factors and argument in support of his motion. The court treated the motion as one by the defendant and dismissed the indictment over the People's objection that the defendant had failed to give notice as required by CPL 210.45 (1).

The defendant cannot bypass the statutory notice requirements, as he attempted to do here, by simply requesting the trial court "on its own motion to dismiss the case". We reject his contention that the indictment was dismissed, *sua sponte.* In any event, even a *sua sponte* dismissal must comport with the requirements of reasonable and specific notice to the People and a hearing "in order for there to be a full develop-

ment of the issues and an adequate opportunity for the People to contest the specific grounds asserted for dismissal" *(see, People v Vega,* 80 AD2d 867; *People v Ramos,* 94 AD2d 708; *People v Pichkur, supra; People v Kwok Ming Chan,* 45 AD2d 613, 615; *People v Clayton,* 41 AD2d 204, 207). Accordingly, even were we to deem the dismissal as upon the court's own motion, these procedural deficiencies would still mandate reversal. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.