■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE MALAN-POMAEYNA, Respondent. [898 NYS2d 508]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Bartlett, J.), dated June 16, 2009, as granted that branch of the defendant's omnibus motion which was to dismiss count three of Rockland County indictment No. 09-00164, charging him with criminal mischief in the third degree.

Ordered that the order is affirmed insofar as appealed from.

Pursuant to CPL 190.25 (6), the County Court and the District Attorney are the "legal advisors" of the grand jury. A grand jury "need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" and the Court of Appeals has "deem[ed] it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles*, 62 NY2d 36, 38 [1984]; *People v Bethune*, 65 AD3d 749, 753 [2009]).

"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution" (*People v Calbud, Inc.*, 49 NY2d at 394). The Court of Appeals has cautioned that "[w]hen the District Attorney's instructions to the Grand Jury are so incomplete or misleading as to substantially undermine [its] essential function, it may fairly be said that the integrity of that body has been impaired" (*People v Calbud, Inc.*, 49 NY2d at 396; *see* CPL 210.20 [1] [c]; 210.35 [5]; *People v Caracciola*, 78 NY2d at 1022).

Under the facts of this case, the People's failure to instruct the grand jury on accessorial liability (*see* Penal Law § 20.00) impaired the integrity of that body (*see* CPL 210.35 [5]; *People v Guzman*, 137 Misc 2d 129, 135-136 [1987]; *see generally People v Samuels*, 12 AD3d 695, 698-699 [2004]; *cf. People v Licausi*, 98 AD2d 751 [1983]). We note that the County Court granted leave

to the People to re-present the charge of criminal mischief in the third degree to another grand jury.

The People's remaining contentions are without merit.

Accordingly, the County Court properly granted that branch of the defendant's omnibus motion which was to dismiss count three of Rockland County indictment No. 09-00164, charging him with criminal mischief in the third degree. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.