| People v Perez |
| --- |
| 2022 NY Slip Op 34768(U) |
| January 13, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 21-0617 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

REINALDO PEREZ,

                         Defendant.
----------------------------------------------------------------x
ROBERT J. PRISCO, J.

**DECISION & ORDER**

Indictment No: 21-0617

      Defendant **REINALDO PEREZ** is charged by Indictment Number 21-0617 with two counts of Assault in the First Degree pursuant to Penal Law [PL] § 120.10 (1) and (2) [Counts One and Two] and one count of Criminal Possession of a Weapon in the Third Degree pursuant to PL § 265.02 (1) [Count Three]. The charges pertain to Defendant's alleged striking of another individual's left arm with a machete and the alleged serious physical injury and permanent physical disablement sustained by that individual as a result thereof. The above offenses are alleged to have occurred in the vicinity of 50 Croton Avenue in the Village of Ossining at approximately 9:11 a.m. on July 21, 2021.

      On October 12, 2021, Defendant was arraigned by the Honorable Susan Cacace on the charges contained in Indictment Number 21-0617. Attached to the indictment is an Information accusing Defendant of having been previously convicted of Burglary in the Second Degree on or about March 18, 2010 in the County Court of Westchester, two (2) Criminal Procedure Law [CPL] § 710.30 (1) (a) Notices reflecting the People's intent to offer evidence of statements allegedly made by the defendant to a public servant,[1] one CPL § 710.30 (1) (b) Notice signifying the People's intent to offer testimony of an observation of the defendant either at the time or place of the commission of the offenses or upon some other relevant occasion by a witness who has previously identified him as such,[2] and the People's Demand for Notice of Alibi pursuant to CPL § 250.20.

---

[1] The two (2) CPL § 710.30 (1) (a) Notices pertain to oral and electronically recorded statements made by Defendant to members of the Village of Ossining Police Department at approximately 2:20 p.m. and 2:30 p.m. on July 22, 2021. As to both noticed statements, reference is made to the "[d]isk [a]ttached" and a copy of the disk has been provided to the Court.

[2] The CPL § 710.30 (1) (b) Notice pertains to a photographic array identification that occurred at approximately 7:45 p.m. on July 21, 2021 at the Westchester Medical Center, 100 Woods Road, Valhalla, N.Y.

FILED

JAN 1 4 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

1

Defendant has filed a Notice of Motion, Attorney's Affirmation and Memorandum of Law, all dated November 25, 2021, seeking various forms of judicial intervention and relief.

On December 15, 2021, the People filed an Affirmation in Response and Memorandum of Law. The Court is also in possession of an unredacted certified copy of the stenographic transcript of the September 22, 2021 Grand Jury proceeding.

Additionally, the Court has been supplied with a copy of the People's Discovery Disclosure Index pursuant to CPL §§ 245.20 and 245.50, which includes but is not limited to disclosures pertaining to written or recorded statements of Defendant, Grand Jury testimony, tangible objects possessed by Defendant, search warrant related documents, all other tangible property relating to the case and judgments of conviction for defendants and witnesses excluding law enforcement and expert witnesses. The Court has also been provided with a copy of the "Affidavit/Application for Search Warrant," Search Warrant Order and "Search Warrant-Inventory."

After consideration of the above referenced submissions and the unredacted certified stenographic transcript of the September 22, 2021 Grand Jury proceeding, the Court decides Defendant's Motion as follows:

## 1. MOTION FOR INSPECTION OF GRAND JURY MINUTES AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 21-0617 DUE TO LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED.

Citing CPL Article 210, Defendant moves for an order "to inspect the Grand Jury minutes and to dismiss the Indictment for failure of the proceedings to conform to the standards of fundamental fairness and the requirements of law or alternatively to reduce any counts not supported by the evidence" (*see* Page 2, Point A, of Defendant's Notice of Motion and Pages 1-2 of Defendant's Memorandum of Law). Specifically, Defendant contends that "the District Attorney's instructions to the Grand Jury were so incomplete and misleading as to substantially undermine the grand jury's essential function…thereby impairing the integrity of the proceedings and that "the prosecution presented inadequate evidence to support the charges" (*see* Pages 1-2 of Defendant's Memorandum of Law).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court and contend that the indictment is supported by legally sufficient evidence (*see* Pages 6-7, Point I, of the People's Memorandum of Law), and that "Defendant has failed to meet [his]

2

high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Page 7, Point I, of the People's Memorandum of Law).

The Court has conducted an in-camera review of the entirety of the Grand Jury proceedings, having examined an unredacted certified copy of the stenographic transcript of the September 22, 2021 presentation.

On September 22, 2021, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that nineteen (19) grand jurors were present. The subsequent 19-0 vote to indict Defendant on the three charges presented for their consideration satisfies this Court that the nineteen (19) grand jurors who deliberated and voted on the charges contained in Indictment Number 21-0617 on September 22, 2021, were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills,* 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan,* 125 AD3d at 696; *People v Woodson,* 105 AD3d 782, 783 [2d Dept 2013]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]).

3

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment Number 21-0617.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Williams,* 171 AD3d at 805; *People v Burch,* 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). In the case at bar, the Court finds that no such wrongdoing, conduct or errors occurred.

While a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d 389, 394 [1980]; *see People v Caracciola,* 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch,* 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.,* 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson,* 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copy of the stenographic transcript of the Grand Jury presentation on September 22, 2021, this Court determines that the

4

Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charges contained within Indictment Number 21-0617 is denied.

## 2. MOTION TO SUPRESS STATEMENTS.

Pursuant to CPL Article 710, CPL § 60.45, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 6 of the New York State Constitution, Defendant moves to suppress "the alleged statements noticed to the defense and all fruits of these statements" on the grounds that "said statements were involuntary and made without proper advice or knowing waiver of Miranda rights and were the product of an unlawful arrest and made in violation of right to counsel" (*see* Page 2, Point B, of Defendant's Notice of Motion and Pages 2-3 of Defendant's Memorandum of Law). Alternatively, Defendant request that "Dunaway and Huntley hearings be ordered to determine the involuntariness of these statements" (*see* Page 3 of Defendant's Memorandum of Law).

In response, the People state they "do not intend to use either noticed statement on their direct case...[and] [a]s a result, the People withdraw the statement notices, thereby obviating the need for any hearing concerning statements made by the defendant to the police" (*see* Page 10, Point III, of the People's Memorandum of Law).[3]

Accordingly, as the People have withdrawn their two (2) CPL § 710.30 (1) (a) Notices, Defendant's motion to suppress the statements contained therein is denied as moot.

The People are reminded, however, that CPL § 245.20 (1) (a) provides for "automatic" disclosure of "all items and information that relate to the subject matter of the case" that are in the People's possession or control, including but not limited to "all written or recorded statements, and the substance of all oral statements, made by the defendant...to a public servant engaged in law

---

[3] While the People have indicated that it is not their intent to use the noticed statements on their direct case, the statements will likewise not be used for impeachment purposes unless and until a finding of voluntariness has been made by the Court (*see People v Wilson*, 28 NY3d 67, 72 [2016], citing *People v Maerling*, 64 NY2d 134, 140 [1984]; *People v Hayes*, 171 AD3d 599, 600 [1st Dept 2019]).

5

[* 5]

enforcement activity" and that this obligation, unlike that of CPL § 710.30, is not predicated upon the People's intent to use such statements at trial.

Further, if the People seek to introduce evidence of a statement made by Defendant to a public servant that they further believe falls outside the parameters of CPL § 710.30 (e.g., pedigree, spontaneous), absent agreement and consent by defense counsel, they must seek a ruling from the Court beforehand.

### 3. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

Citing CPL Article 710, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Section 12 of the New York State Constitution, and Section 8 of the Civil Rights Law, Defendant moves to suppress and prohibit "all use at any trial or hearing on this matter of all physical evidence in that said property was seized unlawfully, and without authority of a legal and proper judicial warrant supported by probable cause, and in that the searches for and seizure of said property were unreasonable and in that the seizures were the fruit of unlawful arrests" (*see* Page 2, Point C, of Defendant's Notice of Motion and Page 3 of Defendant's Memorandum of Law).

In response, the People contend that Defendant's motion should be denied as he "has failed to allege sworn allegations of fact to support his claim" and "as no Fourth Amendment violations occurred" (*see* Page 11, Point IV, of the People's Memorandum of Law). With respect to that portion of the motion which seeks suppression of any evidence obtained from the vehicle, the People aver that "it should be denied because police had a validly-issued search warrant" (*see* Page 12, Point IV, of the People's Memorandum of Law) and they have provided the Court with a copy of the search warrant, the application therefor, and the search warrant return for an in-camera review.[4]

The People further state that "[t]o the extent defendant moves to suppress any evidence obtained from him, that motion should be denied as moot, since there was no evidence seized from defendant's person or grabbable area" (*see* Page 11, Point IV, of the People's Memorandum of Law). As to all other evidence, such as from the crime scene, the People contend that Defendant

---

[4] The Court notes that Item M of the Discovery Disclosure Index referring to "Tangible Objects Possessed by Defendant or Co-Defendant(s)" indicates that a "Machete Package" and "Machete Sheath" were recovered from inside Defendant's vehicle pursuant to the Search Warrant.

[* 6]

"has not met his burden, nor could he, to demonstrate that he has standing to contest the admissibility of that evidence" (*see* Page 12, Point IV, of the People's Memorandum of Law).

A court reviewing a search warrant is required to give the issuing court "great deference" in determining whether there was probable cause, as a presumption of validity attaches to a search warrant approved by a magistrate who reviews the underlying application and finds sufficient evidence of probable cause (*People v Castillo*, 80 NY2d 578, 585 [1992], *cert. denied* 507 U.S. 1033 [1993]; *see People v Griminger*, 71 NY2d 635, 640 [1988]; *People v Crupi*, 172 AD3d 898, 898 [2d Dept 2019], *lv. denied* 34 NY3d 950 [2019]). To establish probable cause, "a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place" (*People v. Edwards*, 69 NY2d 814, 816 [1987]; *see People v Lambey*, 176 AD3d 1232, 1233 [2d Dept 2019]; *People v Murray*, 136 AD3d 714, 714 [2d Dept 2016], *lv. denied* 27 NY3d 1003 [2016] *People v. Leggio*, 84 AD3d 1116, 1117 [2d Dept 2011]; *People v Griffin*, 28 AD3d 578, 578–579 [2d Dept 2006], *lv. denied* 7 NY3d 789 [2006]; *People v Green*, 10 AD3d 731, 731–732 [2d Dept 2004], *lv. denied* 4 NY3d 744 [2004]; *People v Williams*, 249 AD2d 343, 344 [2d Dept 1998], *lv. denied* 92 NY2d 883 [1998]). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause or whether it contained a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (*People v Gordon*, 36 NY3d 420, 429 [2021], quoting *People v Nieves*, 36 NY2d 396, 402 [1975]; *see People v Edwards*, 69 NY2d 814, 816 [1987]).

As to the search warrant in this case which authorized the search of the 2009 Chevrolet Traverse Suburban, New York Registration Number JMZ3380, the Honorable Jeffrey W. Gasbarro, a Justice of the Town of Ossining was provided with information sufficient to support a reasonable belief that evidence of the commission of the crimes of Assault in the First Degree and Criminal Possession of a Weapon in the Third Degree would be present at the time of the warrant's execution. Specifically, the search warrant application was supported by the "Affidavit/Application for Search Warrant" ("the affidavit") of Jafeth Chavez, a detective with the Ossining Police Department, and the affidavit provided Justice Gasbarro with information which included that "[o]fficers on scene located a trail of blood from the parking lot in front of the victim's residence located at 50 Croton Avenue…down to Croton Avenue to where the victim

7

encountered officers;" that a witness near the scene "observed a tall dark skinned male wearing all black running from the complex carrying something big in his hands and then drive off in what appeared to be an older black Chevy Trailblazer;" that an inquiry into the phone number written on a paper plate on the victim's car "indicated that said phone number is registered to REINALDO PEREZ," and that an inquiry into "Ejustice revealed that a 2009 Chevrolet Traverse, Suburban, Black bearing NY REG JMZ3380 was registered to REINALDO PEREZ." The affidavit further provided that on July 21, 2021, the victim was shown a photo array at the Westchester Medical Center and that he identified the defendant as the individual who "came to his house [and] slashed him with the machete."

After reviewing the critical facts and circumstances that were set forth and made known to Justice Gasbarro at the time that he reviewed the search warrant application, this Court determines that the application was supported by probable cause and contained a sufficiently particular description of the vehicle to be searched. Accordingly, Defendant's motion to suppress any and all items seized from the vehicle pursuant to the search warrant is denied.

Despite the People's Memorandum of Law alleging that there was no evidence seized from defendant's person or grabbable area (*see* Page 11, Point IV, of the People's Memorandum of Law) and the defendant's failure in his motion papers to specifically address the seizure/recovery of any property beyond that seized/recovered pursuant to the search warrant, the Court notes that the People's Discovery Disclosure Index reflects that property was in fact seized/recovered from Defendant (*see* Item M of the Discovery Disclosure Index).[5] As this Court has no knowledge of the theory or circumstances of such property's seizure/recovery, a hearing pursuant to *Mapp v Ohio,* 367 US 643 [1961] and *Dunaway v New York*, 442 US 200 (1979), will be conducted in connection with the seizure/recovery of the sneakers worn by Defendant at the time of his arrest.

## 4. MOTION TO SUPPRESS IDENTIFICATION TESTIMONY.

Citing CPL Articles 710 and 60, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the New York State Constitution, Defendant moves to suppress "the use at trial of the identification noticed to the defense, and [to suppress] any in

---

[5] Item M of the Discovery Disclosure Index referring to "Tangible Objects Possessed by Defendant or Co-Defendant(s)" indicates that the sneakers worn by Defendant at the time of arrest were recovered from his person.

8

court identification of Reinaldo Perez by any person present at any such noticed procedure, or, in the alternative, for a hearing" (*see* Pages 2-3, Point D, of Defendant's Notice of Motion and Pages 3-4 of Defendant's Memorandum of Law). Specifically, Defendant contends that the identification procedure "was conducted in a highly prejudicial manner in that the detectives indicated the suspect's photo was in the array" (*see* Page 2 of the Attorney's Affirmation).

In response, the People "consent to a hearing limited to the issue of the suggestiveness of the photo array procedure" and state that Defendant's motion to suppress should be denied following a hearing pursuant to *United States v Wade*, 388 US 218 (1967) (*see* Page 14, Point V, of the People's Memorandum of Law).[6] The People also contend that they can "establish that an in-court identification of defendant should be permitted because the victim has a source from which to identify defendant that is independent of the police procedure" because "the victim had an opportunity to observe defendant up close during the commission of [the] crime, when defendant was in close proximity to him" (*see* Page 15, Point V, of the People's Memorandum of Law).

Accordingly, on consent, Defendant's motion to suppress is granted to the extent that a *Wade* hearing will be held. As the People have claimed that the victim has a source to identify the defendant that is independent of the police procedure, such hearing will be bifurcated.

## 5. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASOCIATED SANDOVAL AND VENTIMIGLIA HEARINGS.

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v. Ventimiglia*, 52 NY2d 350 (1981), Defendant "requests a hearing to determine whether the prosecution will be permitted to use at trial any alleged criminal convictions, or criminal, vicious or immoral acts of the defendant" (*see* Pages 4-5, of Defendant's Memorandum of Law and Page 3, Point E, of Defendant's Notice of Motion).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made" (*see* Page 17, Point VI, of the People's

---

[6] The Court notes that while the People state that Defendant's motion on Fourth Amendment grounds should be denied (*see* Page 14, Point V, of the People's Memorandum of Law), Defendant only moves to suppress the identification on Fifth, Sixth and Fourteenth Amendment grounds.

9

Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case, the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*see* page 17, Point VI, of the People's Memorandum of Law). Finally, the People state that "[i]f no disclosures have been made, defendant's motion should be denied as premature or moot" (*see* Page 17, Point VI, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for purposes of impeaching his credibility or as substantive proof of any material issue in the case, or designated their intended use thereof pursuant to CPL § 245.20 (3), this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

10

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
January 13, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

To:   HON. MIRIAM E. ROCAH
      Westchester County District Attorney
      111 Dr. Martin Luther King Jr. Blvd.
      White Plains, New York 10601
      Attn: Assistant District Attorney Jonathan Strongin

      THE LEGAL AID SOCIETY OF
      WESTCHESTER COUNTY
      Attorney for Defendant Reinaldo Perez
      150 Grand Street-Suite 100
      White Plains, New York 10601
      Attn: MaryPat Long, Esq.

11