People v Fusco (2023 NY Slip Op 51249(U))

[*1]

People v Fusco (Christopher)

2023 NY Slip Op 51249(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-836 D CR

The People of the State of New York, Respondent, 
against
Christopher Fusco, Appellant. 

Feldman and Feldman (Steven A. Feldman), for appellant.
Dutchess County District Attorney (Amie M. Johnson), for respondent.

Appeal from a judgment of the Justice Court of the Town of Poughkeepsie, Dutchess County (Paul O. Sullivan, J.), rendered December 15, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
On December 15, 2020, defendant pleaded guilty to one charge of criminal contempt in the second degree (Penal Law § 215.50 [3]) in satisfaction of two accusatory instruments, and was sentenced to time served. On appeal, defendant contends that the Justice Court should have granted his oral speedy trial motion. In the alternative, defendant contends that, as the transcript of his plea proceeding states that the allocution was inaudible, the matter should be remitted for a reconstruction hearing.
A review of the record indicates that defendant made an oral speedy trial motion on December 15, 2020, the day he pleaded guilty, which motion the Justice Court declined to consider. It is well settled that a party seeking dismissal based on speedy trial grounds must raise the grounds by motion in writing and upon reasonable notice to the People (see CPL 210.45 [1]; 170.45; People v Lawrence, 64 NY2d 200, 203-204 [1984]; People v Jordan, 62 NY2d 825 [1984]; People v Jack, 117 AD2d 753 [1986]). As the People did not waive their entitlement to a written motion, defendant's failure to follow the relevant statutory procedure results in the waiver [*2]of his speedy trial claim (see Lawrence, 64 NY2d at 203-204; People v Key, 45 NY2d 111, 116 [1978]).
Defendant further contends that he is entitled to a reconstruction hearing because the plea transcript states that his allocution was inaudible. However, defendant fails to set forth the nature of those issues which would have been raised on appeal had the plea allocution been audible. As defendant has not identified any appealable issues, we find that he is not entitled to a reconstruction hearing (see People v Parris, 4 NY3d 41, 44, 49-50 [2004]).
Accordingly, the judgment of conviction is affirmed. 
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023